IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JUDITH MELANIE LUCERO,

        Plaintiff,

v.                                                                                           CV No. 17-259 CG

ANDREW SAUL,
Commissioner of the
Social Security Administration,

        Defendant.

## ORDER GRANTING APPLICATION FOR ATTORNEY FEES

**THIS MATTER** is before the Court on Plaintiff Judith M. Lucero's *Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(B) and Supporting Memorandum* (the "Motion"), (Doc. 22), filed October 25, 2019. Defendant Andrew Saul did not file a Response to the Motion and the time for doing so has now passed. *See* D.N.M.LR-CIV 7.4(a) ("A response must be served and filed within fourteen (14) calendar days after service of the motion."). In accordance with the local rules, Defendants' failure to respond in opposition to Plaintiff's Motion is viewed as consent for the Court to grant the Motion. *See* D.N.M.LR-CIV 7.1(b) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant a motion."). Having reviewed Plaintiff's Motion, the relevant law, and otherwise being fully advised in the premises, the Court finds that Plaintiff's Motion is well-taken and that it shall be **GRANTED**.

## I. Procedural Background

Ms. Lucero instituted an action in this Court on February 24, 2017, seeking judicial review of Defendant's denial of her application for Social Security disability benefits. (Doc. 1). On November 9, 2017, this Court granted Ms. Lucero's request for relief, and remanded the case to the Commissioner for further proceedings. (Doc. 18). Subsequently, Ms. Lucero's counsel, Michael D. Armstrong, was awarded attorney fees in the amount of $5,815.32 pursuant to the Equal Access to Justice Act ("EAJA"). (Doc. 21).

Upon remand, on January 17, 2019, Defendant entered a favorable decision for Ms. Lucero, determining Ms. Lucero to have been disabled beginning on June 14, 2010, and awarding her past-due benefits. (Doc. 22-1, Exhibit A). Defendant advised Ms. Lucero on June 4, 2019, that $26,606.38 was being withheld from her total benefit amount pending an award of attorney fees pursuant to 42 U.S.C. § 406(B). (Doc. 22-1, Exhibit B). Defendant stated he withheld 25 percent of past due benefits for a potential award of attorney fees pursuant to 42 U.S.C. § 406(b), which in this case totals $26,606.38. *Id.* After Defendant's decision to award past-due benefits to Ms. Lucero, Ms. Lucero's counsel was awarded a fee of $10,000, which reflected the fee contract entered into between her and her counsel for work performed.

Now, Ms. Lucero's counsel requests that the Court authorize payment of $16,606.38 ($26,606.38 minus $10,000.00) as attorney fees for legal services provided, which is within 25 percent of total back pay benefits.[1] Furthermore, Ms. Lucero's

---

[1] Ms. Lucero entered into a contingency fee arrangement with her counsel wherein she agreed that he would receive a fee not to exceed 25 percent of any past due benefits received from the agency in the event of a favorable agency decision. (Doc. 22-1, Exhibit D).

counsel asks the Court to require him to reimburse Ms. Lucero $5,815.32, which is the amount of the EAJA fees previously awarded.

**II.     Analysis**

When a court renders a judgment favorable to a Social Security claimant who was represented before the court by an attorney, the court may allow "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A). Unlike EAJA fees, which are paid in addition to past-due benefits, § 406(b) fees are paid out of the past-due benefits. *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 933-34 (10th Cir. 2008). If fees are awarded under both the EAJA and § 406(b), the attorney must refund the lesser award to the claimant. *Id.* at 934. The court may award fees under § 406(b) when "the court remands a . . . case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits." *McGraw v. Barnhart,* 450 F.3d 493, 495-96 (10th Cir. 2006).

Although § 406(b) does not prohibit contingency fee agreements, it renders them unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. *Gisbrecht*, 535 U.S. at 807. Section 406(b) also requires the court to act as "an independent check" to ensure that fees are reasonable even if they are less than 25 percent of past-due benefits, because there is no presumption that 25 percent is reasonable. *Id.* at 807, n.17. Counsel has the burden of demonstrating the reasonableness of the fees. *Id.* at 807.

The reasonableness determination is "based on the character of the representation and the results the representative achieved." *Id.* at 808. Factors relevant

3

to the reasonableness of the fee request include: (i) whether the attorney's representation was substandard; (ii) whether the attorney was responsible for any delay in the resolution of the case; and (iii) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case. *Id.* A court may require the claimant's attorney to submit a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing rate for non-contingency fees cases. *Id.* The statute does not specify a deadline for requesting fees. *See* 42 U.S.C. § 406(b). The Tenth Circuit, however, has held that a request "should be filed within a reasonable time of the Commissioner's decision awarding benefits." *McGraw,* 450 F.3d at 505.

Here, the Court finds that Ms. Lucero's counsel's representation of her was adequate. Counsel obtained a favorable decision for Ms. Lucero, and did not delay the proceedings before this Court in any way. The instant motion was filed within five months of Ms. Lucero's receipt of the Notice of Award, which informed her she was entitled to past-due benefits. (Doc. 22-1, Exhibit B). The Court finds this to be a reasonable amount of time.

Moreover, the requested fee is not disproportionately large in comparison to the amount of time spent on the case, given Ms. Lucero's counsel's experience working on Social Security cases. (Doc. 22-1, Exhibit E). Ms. Lucero's counsel documented 29.67 total attorney hours in representing Ms. Lucero before this Court. (Doc. 22 at 4). Awarding counsel the requested $16,606.38 would result in an hourly fee of $560.00 for attorney work performed before this Court. Considering Ms. Lucero's counsel's experience and reputation in Social Security representation, and the fact that this fee award is within the range of other fee awards authorized in this District under § 406(b),

the Court finds that the fee requested is reasonable. *See, e.g.*, *Salazar v. Berryhill*, Civ. 14-283 KRS (Doc. 30) (awarding $19,442.25 for 27.42 hours, or $709.05 per hour); *Bigsby v. Colvin*, Civ. 12-1207 CG (Doc. 31) (awarding $21,839.00 for 37.33 hours, or $585.03 per hour); *Gallegos v. Colvin*, Civ. 12-321 SMV (Doc. 32) (awarding $10,000.00 for 16.2 hours, or $617.28 per hour); *Montes v. Barnhart*, Civ. 01-578 BB/KBM (Docs. 19, 22) (awarding $10,000 for 14.25 hours, or $701.75 per hour).

### III.     Conclusion

**IT IS THEREFORE ORDERED** that Plaintiff's *Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(B) and Supporting Memorandum*, (Doc. 22), be **GRANTED**. Ms. Lucero's counsel is awarded $16,606.38 for legal services rendered before this Court.

**IT IS FURTHER ORDERED** that Ms. Lucero's counsel shall refund $5,815.32 to Ms. Lucero, which is the amount awarded to her counsel under EAJA.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE